UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KENNETH WHITE,

      Petitioner,

v.                                                    Case No. 2:05-cv-78
                                                   HON. RICHARD ALAN ENSLEN

TERRY SHERMAN,

      Respondent.

_____/

**REPORT AND RECOMMENDATION**

      Petitioner Kenneth White filed this petition for writ of habeas corpus challenging the validity of his parole revocation, as well as the subsequent denial of parole. A report and recommendation was issued in this case on May 4, 2005, which recommended dismissal of the habeas petition as barred by the statute of limitations pursuant to 28 U.S.C. § 2254(d)(a). On May 24, 2005, the court issued an order rejecting the report and recommendation because it did not address Petitioner's claim of actual innocence.

      As noted in the prior report and recommendation, Petitioner contends that he was falsely accused of committing first-degree criminal sexual conduct. The charge was dropped on December 18, 2001, for insufficient evidence. Petitioner subsequently received a parole revocation hearing on January 30, 2002. During the hearing, a one-page medical document regarding Petitioner's three-and-a-half-year-old niece was passed among Petitioner's attorney, the parole board member present, and the prosecuting attorney. Because none of the parties could interpret the medical symbols and shorthand, Petitioner's attorney requested a postponement of the hearing. On March 4, 2002, the formal hearing took place, during which Petitioner's attorney informed him that

she had spoken to the medical doctor concerning Petitioner's niece, but that he refused to testify or sign an affidavit "stating what the medical [report] said in plain [E]nglish." Parole Board Member Wayne M. Grout found Petitioner guilty of committing the crime of first-degree criminal sexual conduct, stating that Petitioner's "story" about his half-sister attempting to frame him was preposterous. Petitioner was given a 24-month continuance.

Petitioner states that he repeatedly wrote to the parole board, requesting a rehearing on the basis that his hearing was conducted with unfair prejudice. However, Petitioner's requests were repeatedly denied. The Parole Board Chairman, Mr. Steven Marshski, stated that the medical document did state that a molestation had occurred. Petitioner states that he had never seen the second page of the medical report and did not know that it even existed prior to his communications with Marshski. Petitioner further claims that the medical report did not state that his niece was sexually molested. On July 30, 2003, Petitioner had an interview with newly appointed Parole Board Chairman John Rubitchum. When Petitioner was asked how he had violated his parole, he responded that his sister had tried to frame him. Petitioner explained the history of the case and showed Rubichum page 2 of the medical report, which had been improperly withheld from Petitioner at the revocation hearing. Upon reviewing the document, Rubichum stated that he could not really read it, and that it was not necessary for him to do so because Petitioner's case had been dismissed by the court. Petitioner then told Rubichum that he needed to be by his daughter's bedside because she was dying of AIDS. Thirty days later, Petitioner was given a 24-month continuance. Petitioner states that his daughter died during this time, as did Petitioner's mother, which caused Petitioner to become suicidal.

Petitioner filed a state petition for habeas corpus relief in the 32nd Judicial Circuit Court on February 8, 2005, which was denied on February 23, 2005. Petitioner then filed an appeal

of this order in the "3rd Judicial Circuit Court" on March 9, 2005, which was also denied. It does not appear that Petitioner filed any appeal with either the Michigan Court of Appeals or the Michigan Supreme Court.

Promptly after the filing of a petition for habeas corpus, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970) (district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the undersigned recommends that Petitioner's application for habeas corpus relief be dismissed with prejudice.

In the opinion of the undersigned, Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1), which was enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act , PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). The one-year period of limitation provided in § 2244(d)(1) is new, as there previously was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest ofS
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition if it appears that the state has been prejudiced in its ability to respond to the petition by delay in filing unless the petitioner showed that the petition was based on grounds that he could not have known before the circumstances prejudicial to the state occurred.

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that Petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." According to Petitioner's application, his parole was revoked on March 4, 2002. Petitioner took no action to challenge this revocation until he filed a state habeas corpus petition nearly three years later, on February 8, 2005. Petitioner then claims that he filed an appeal of the denial of state habeas corpus relief in the 3rd Judicial Circuit Court on March 9, 2005. Finally, Petitioner filed his federal habeas corpus petition in this court on April 1, 2005. Obviously, Petitioner took no action for more than one year after the time for direct review expired. Thus, his application is time-barred.

However, Petitioner claims that he has demonstrated a credible claim of actual innocence, such that he was entitled to equitable tolling of habeas limitations. To support a claim

of actual innocence, a petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations and citations omitted), *quoted in Whalen*, 2002 WL 409113, at * 6; *Allen*, 366 F.3d at 405.  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.  A petitioner "must produce evidence of innocence so strong that the court can not have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Allen*, 366 F.3d at 405 (internal quotations and citations omitted).

Petitioner in this case claims that page 2 of the medical document, which had been improperly withheld from him, was relevant for Petitioner's defense that his sister "framed" him. Petitioner attaches a copy of page 2 of this document to his application for habeas corpus relief.  In the section entitled "Assessment," the examiner notes that it is unlikely that there had been penetration with the perpetrator's fingers or penis and that the patient described a "stick-like" object only.  Therefore, the examiner concluded that STD testing would not be performed.  (*See* Exhibit A to the habeas corpus petition.)  In the section for "Pediatric Attending Comments," the examiner makes the following comments:

> 3½ yo f/u [follow-up] sexual abuse seen in ER Nov. 29, 2001.  Perp 42 yo uncle living in home (great uncle) put an object into her vagina. Police called, bringing in girl.  No penile penetration.  Child afraid of perp, but not generally exhibiting fear of people.  She is acting out slightly more than usual.  Met [with] social worker and police already.  Mom was told vaginal opening was too wide.  No laceration,

>bruises, etc. per ED [emergency department]. Other wise healthy child.
>
>Pt. [patient] alert, playful, conversant - went over story again - ___.
>
>I performed genital exam - no hymen. Vag opening ___ 1 cm post vag wall -

(*See* Exhibit A to the habeas corpus petition.) The next sentence is illegible, but the final sentence states that "[a]ll is being done probably." *Id.*

A careful review of the above cited document reveals nothing to support Petitioner's claim of actual innocence. Moreover, he has presented no new reliable evidence in support of such a claim. Thus, the undersigned finds that Petitioner's claim of actual innocence has no merit and cannot justify tolling the statute of limitations.

In summary, the undersigned concludes that Petitioner's claims are barred by the applicable statute of limitations and therefore recommends that this Court dismiss the petition with prejudice.

The Court of Appeals has suggested that a habeas petitioner is entitled to notice and an adequate opportunity to be heard before dismissal of his petition on statute of limitations grounds. *See Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002). This report and recommendation shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. Furthermore, Petitioner's ability to file objections to this report and recommendation constitutes his opportunity to be heard by the District Judge.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds that it is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*  The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

Should the court adopt the report and recommendation in this case, Petitioner's motions for order of immediate release from custody (docket #8), for leave to conduct fact finding (docket #16), and for ex parte application (docket #17), are properly denied as moot.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated:   August 10, 2005