UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

KENNETH WHITE,

        Petitioner,

Case No. 2:05-cv-78

v.

Hon. Richard Alan Enslen

TERRY SHERMAN,

**FINAL ORDER**

        Respondent.
_____/

Petitioner Kenneth White has objected to United Magistrate Judge Timothy P. Greeley's Report and Recommendation of August 10, 2005. The Report recommended that the Petition for Writ of Habeas Corpus be dismissed with prejudice as untimely and because Petitioner has not made a credible showing of actual innocence. The Court now reviews the Report, the Objections and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636.

Upon such review, the Court finds that the Objections should be denied and the Report adopted. Petitioner received his parole revocation sentence in March 2002. Petitioner did not file for state review until February 8, 2005. The delay means that Petitioner has exceeded the one-year limitation period applicable under 28 U.S.C. § 2244(d)(1). Petitioner claims that he has evidence of "actual innocence"–referring to a second page of a medical report shown to him on July 30, 2003. The page indicates that the victim (a 3 and one-half-year-old child) was sexually assaulted, not with the Petitioner's penis, but with a "stick-like" object. (Pet., Ex. A.) The page also indicates that the child twice explained the assault to the examiner. (*Id.*) The child had no hymen upon vaginal examination, but displayed no lacerations. (*Id.*) Such evidence is consistent with Petitioner's guilt and does not establish actual innocence. The medical report also tends to corroborate the testimony

of Petitioner's half-sister Joann White, who testified that she observed Petitioner penetrate the child's vagina with a stick-like object. (Objection 10.) While the prosecutor chose not to prosecute the offense, the evidence was more than sufficient for the purpose of proving the charged parole violation, *i.e.,* parole violations may be shown by a preponderance of the evidence.[1] Mich. Comp. Laws § 791.240a(5).

Petitioner's arguments for equitable tolling are also not persuasive. While Petitioner is untrained in the law and has claimed the benefit of equitable tolling, such relief is granted sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). The burden of establishing tolling is on the petitioner. *Id.* To make such a showing, a petitioner must show that: (1) he was diligently pursuing his rights; and (2) some extraordinary circumstances stood in the way of his timely compliance. *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (U.S. Apr. 27, 2005); *see also Andrews v. Orr,* 851 F.2d 146, 152 (6th Cir. 1988). In this case, Petitioner has failed to show that he was diligently pursuing his rights. Even allowing some adjustment for his personal circumstances, he has pursued relief far too late. Accordingly, his Objection will be denied.

Additionally, the Magistrate Judge correctly analyzed whether a certificate of appealability should be granted pursuant to 28 U.S.C. § 2253. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to

---

[1]This different standard of proof when compared to a standard criminal charge (reasonable doubt standard) explains why the prosecutor may have decided to not prosecute the offense, despite that the evidence was sufficient to show a parole violation.

deserve encouragement for some other reason. Upon review of the issues raised, the Court determines that this standard is not met as to any of the claims for relief asserted. The limitations period clearly applies to all of the claims asserted. Given the extent to which the limitation period was exceeded and the absence of a strong argument for an equitable extension, Petitioner does not meet the *Slack* standard as to any claim asserted.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Kenneth White's Objections (Dkt. No. 19) are **DENIED**, the Report and Recommendation (Dkt. No. 18) is **ADOPTED**, the Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**, Petitioner's Motions for Immediate Release, Motion for Leave to Conduct Fact Finding, and his *Ex Parte* Application (Dkt. Nos. 8, 16 & 17) are **DENIED as moot and without merit**, and a certificate of appealability is **DENIED** as to all issues asserted.

Dated in Kalamazoo, MI:                              /s/Richard Alan Enslen
September 12, 2005                                    Richard Alan Enslen
                                                      Senior United States District Judge